IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GALDERMA LABORATORIES L.P., | ) |
| GALDERMA S.A., and NESTLÉ SKIN | ) |
| HEALTH S.A., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 17-1783 (RGA) |
| | ) |
| TEVA PHARMACEUTICALS USA, INC., | ) |
| | ) |
| Defendant. | ) |

## **SCHEDULING ORDER**

This __2__ day of __Feb__ , 2018, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the

parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)

within five days of the date of this Order.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before **February 15,**

**2018.**

3. Discovery.

a. Discovery Cut Off. All fact discovery in this case shall be initiated so that

it will be completed on or before **December 14, 2018.**

b.    Document Production. Document production shall be substantially complete by **May 31, 2018**.

c.    Requests for Admission. A maximum of **45** requests for admission are permitted for each side.

d.    Interrogatories. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

e.    Depositions.

i.    Limitation on Hours for Deposition Discovery. Each side is limited to a total of 100 hours of taking testimony by deposition upon oral examination. In the event that Defendant chooses to depose all named inventors of all the patents-in suit, the parties agree to work in good faith regarding any reasonable extension on the number of hours of deposition testimony. Any party may, pursuant to Federal Rules of Civil Procedure (30)(a)(2), seek leave of Court to take additional hours of deposition testimony.

If a witness testifies only in a foreign language for any deposition, the party producing said witness shall inform the party taking the deposition of that fact at least approximately nine (9) weeks prior to the date of the deposition. For any such witness who will testify in a foreign language, the deposition will be extended by up to three (3) hours for a total of ten hours on the record.

ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the

- 2 -

parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        f.      Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

        If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        4.      Application to Court for Protective Order. The parties will submit a Proposed Protective Order to the Court by **February 7, 2018.**

        5.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

        6.      Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.      Claim Construction Issue Identification. On or before **April 12, 2018**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **May 3, 2018**. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8.      Claim Construction Briefing. The Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on **May 24, 2018**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **June 18, 2018**. The Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on **July 2, 2018**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **July 16, 2018**. No later than **July 31, 2018**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

- 4 -

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.   Disputed Constructions

A.    [TERM 1]

   1.  Plaintiffs Opening Position
   2.  Defendant's Answering Position
   3.  Plaintiffs Reply Position
   4.  Defendant's Sur-Reply Position

B.    [TERM 2]

   5.  Plaintiffs Opening Position
   6.  Defendant's Answering Position
   7.  Plaintiffs Reply Position
   8.  Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9.    <u>Hearing on Claim Construction.</u> Beginning at **9:00 a.m. on August 22, 2018**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

10.   <u>Defendant's Initial Invalidity Contentions for U.S. Patent No. 9,782,425.</u> Defendant will serve preliminary invalidity contentions for U.S. Patent No. 9,782,425 on or before **March 1, 2018**.

11.   <u>Supplementation of Contentions.</u> The Parties shall file supplementations to any infringement or invalidity contention on or before **September 17, 2018**. Thereafter supplementation shall be made in accordance with Rule 26.

- 5 -

12.    Disclosure of Expert Testimony.

        a.      Expert Reports. For the party who has the initial burden of proof on the
subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before
**January 15, 2019**. The supplemental disclosure to contradict or rebut evidence on the same
matter identified by another party is due on or before **February 19, 2019**. Reply expert reports
from the party with the initial burden of proof are due on or before **March 5, 2019**. No other
expert reports will be permitted without either the consent of all parties or leave of the Court.
Along with the submissions of the expert reports, the parties shall advise of the dates and times
of their experts' availability for deposition. Depositions of experts shall be completed on or
before **March 26, 2019**.

        b.      Objections to Expert Testimony. To the extent any objection to expert
testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by
motion no later April 11, 2019, unless otherwise ordered by the Court.

13.    Case Dispositive Motions. No case dispositive motions under Rule 56 shall be
filed without leave of Court.

14.    Applications by Motion. Except as otherwise specified herein, any application to
the Court shall be by written motion. Any non-dispositive motion should contain the statement
required by Local Rule 7.1.1.

15.    Pretrial Conference. On **May 10, 2019**, the Court will hold a Rule 16(e) final
pretrial conference in Court with counsel beginning at **9:00 a.m.** The parties shall file a joint
proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the
third business day before the date of the final pretrial conference. Unless otherwise ordered by

the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

16.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.     Jury Instructions, Voir Dire, and Special Verdict Forms. This case is set for a bench trial.

18.     Trial. This matter is scheduled for a **3 day bench** trial beginning at 8:30 a.m. on **May 28, 2019**. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

19.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE

11626337

- 7 -